IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., and the PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., <br><br>  Plaintiffs, <br><br> v. <br><br> HOLT PLUMBING COMPANY, <br><br>  Defendant. | Case No.: 25 CV <br><br> Judge: <br><br> Magistrate: |

## COMPLAINT

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorneys, Gregory W. Hosé, Andrew S. Pigott, John Phillip Festa, and the law firm of Gregorio, Stec, Klein & Hosé, complain of the Defendant, HOLT PLUMBING COMPANY, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The PLUMBERS' PENSION FUND, LOCAL 130, U.A, *et. al.* (collectively, "Funds") receive contributions from numerous employers pursuant to Collective Bargaining

3. Agreements between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local 130").

4. The Funds are multi-employer plans as defined under 29 U.S.C. §1002.

5. The Funds are administered in Chicago, Illinois, so that venue is proper in the Northern District of Illinois.

5. Defendant is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement with Local 130 requiring it to contribute to the Funds.

6. The Collective Bargaining Agreement also binds Defendant to the Agreement and Declarations of Trust which created the Funds ("Trust Agreements").

7. The CBA and Trust Agreements require the Defendant to submit its books and records to an auditor selected by the Funds to determine whether Defendant is complying with its contribution obligations.

8. Plaintiffs' auditor and Plaintiffs' counsel made numerous requests to Defendant to submit its books and records for audit, but Defendant never responded, apparently, mistakenly believing that its cessation of operations relieved it of its duty to comply.

WHEREFORE, Plaintiffs ask this Court to:

A. Order Defendant to submit to an exit contributions compliance audit through the present time.

B. Enter judgment on any amounts determined due by the audit.

C. Award Plaintiffs liquidated damages and interest on any contributions due, and their attorney fees, all as provided by the Collective Bargaining Agreement and Trust Agreements.

D. Grant Plaintiffs such other and further relief as by the Court deems just and equitable.

Respectfully submitted,

Gregory W. Hosé  
Andrew S. Pigott  
Kyle R. Sullivan  
**Gregorio, Stec Klein & Hosé**  
2 N. LaSalle St., Suite 1650  
Chicago, IL 60602  
312/263-2343  
apigott@gregoriolaw.com

PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*

By:   /s/ Andrew S. Pigott  
　　　　One of their attorneys